IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RASHAD LEE, # 213823 | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 22-0050-CG-MU |
| ANTONIO MCCLAIN, *et al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

This action is before the Court on Plaintiff Rashad Lee's "Motion for Order [to] Show Cause and or in the Alternative Motion for Temporary Restraining Order and or Preliminary Injunction," in which he seeks an immediate transfer to Red Eagle or Frank Lee Work Center (Motion). (Doc. 17 at 8, PageID.95). The Court is treating the Motion as a motion for a temporary restraining order due to the absence of a certificate of service reflecting that Lee served the Motion on Defendants McClain and McNeal. (Doc. 17, PageID.88). This Motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that the Motion be denied.

**I.  Applicable Law.**

"The purpose of a temporary restraining order, like a preliminary injunction, is to protect against irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005). Irreparable harm and inadequacy of legal remedies

are the bases for injunctive relief in the federal courts. *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville, Fla.,* 896 F.2d 1283, 1285 (11th Cir. 1990). An irreparable injury is one that "cannot be undone through monetary remedies." *Id.* And the irreparable injury "must be neither remote nor speculative, but actual and imminent." *Id.* "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* (quotation omitted). Moreover, the "granting [of] most or all of the substantive relief requested in the complaint[,]" will not be gained by requesting a temporary restraining order. *Fernandez-Roque v. Smith,* 671 F.2d 426, 429 (11th Cir. 1982).

> To prevail on a request for injunctive relief, the movant must show:
>
> > (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest.

*Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). "[A] preliminary injunction is an extraordinary and drastic remedy[,]" which will not be granted unless the movant carries the burden of persuasion as to all four prerequisites. *Id.* (citation and quotations marks omitted).

Furthermore, Rule 65 of the Federal Rules of Civil Procedure governs injunctions and restraining orders in federal courts. FED.R.CIV.P. 65. "The stringent restrictions imposed by . . . Rule 65, on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both

2

sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 438, 94 S.Ct. 1113, 1124, 39 L.Ed.2d 435 (1974). Rule 65(b)(1)(A) and (B) requires that an affidavit or verified complaint contain facts showing that an immediate and irreparable injury will occur before a hearing in opposition can be held and that the movant certifies in writing of his attempts to give notice to the nonmovant. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.) (a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"), *cert. denied*, 493 U.S. 863 (1989).

## II.  The Motion.

According to Lee's Motion[1], when he was being transferred from Fountain Correctional Facility's (Fountain) restricted housing unit by the "named defendant(s)" to a community work center with a minimum-out custody near his home and family in Montgomery, Alabama, the "named defendant(s)" violated his First Amendment rights by "retaliat[ing] against him by transfer[r]ing him to a 'maxi[m]um security prison' . . . on the same day [they were] served the complaint [in this action]." (Doc. 17 at 3, PageID.90). This occurred during his transfer to Kilby Correctional Facility, when "Defendants and or some other administrator from FCC contacted Central Records," seeking to have his custody raised from Min-Out to Medium. (*Id.* at 4, PageID.91). He contends that this was done in retaliation for filing the present § 1983 action seeking a temporary restraining order or an injunction in connection with his confinement at Fountain and for notifying Defendant McClain within the prior six months that if he was

---

[1] Plaintiff's Motion is not sworn to for its veracity, nor is it signed under penalty of perjury. (Doc. 17, PageID.88).

3

housed in Fountain's general population, his chances of being assaulted again were ninety-nine percent, which was disregarded by Defendant McClain.  (*Id.*).

In addition, Lee claims that prior to being assaulted, he was written a "bogus disciplinary" by "Defendant(s)/staff" for complaining about fire safety, which Defendant McClain disapproved on due process grounds.  (*Id.* at 5, PageID.92).  Lee, however, maintains that the incident report was used as evidence to increase his custody, even though no evidence was presented by the arresting officer, and the incident report constitutes hearsay, which cannot be used without "some other evidence."  (*Id.*).  Lee avers that "Respondents took no action to increase [his] custody" while he was in protective custody for fifty-one days until they were served with the § 1983 complaint.  (*Id.*).  Lee contends that Defendants violated his constitutional rights with their retaliatory transfer to a facility that is five hours farther away from Classification's recommendation that he be placed close to home, and thus he seeks an order to be transferred back to Red Eagle or Frank Lee Work Center due to his family ties and because that is where he was initially being transferred.[2]  (*Id.* at 7, PageID.94).

### III. Analysis.

Rule 65(b) of the Federal Rules of Civil Procedure requires that before a temporary restraining order is issued an affidavit or verified complaint must show with specific facts that an irreparable injury will occur before any opposition can be heard.  FED.R.CIV.P. 65(b)(1)(A).  However, Lee did not submit an affidavit or a verified

---

[2] There "is no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison[.]"  *Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (citing *Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 279 n.9, 50 L.Ed.2d 236 (1976) and *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976)).

4

complaint. Additionally, one of the four elements required to be met before the issuance of injunctive relief is that a plaintiff carry his burden of persuasion that he will suffer irreparable injury unless the injunction issues.  Lee has not met his burden of persuasion on this element.  He has not described or pointed to a specific injury he is about to suffer, much less an irreparable injury, if injunctive relief does not issue.  Furthermore, he has not advised the Court of his attempts to notify Defendants McClain and McNeal of his application for a temporary restraining order and of his reasons why it should not be required.  FED.R.CIV.P. 65(b)(1)(B).[3]

---

[3] The undersigned observes the incongruity in the different positions taken by Lee in his Complaint and in the Motion.  In the Complaint, Lee makes allegations that he fears for his safety while at Fountain, so he seeks to be transferred away from Fountain. (Doc. 5 at 12, PageID.38).  The allegations persuaded the undersigned that 28 U.S.C. § 1915(g)'s exception – under imminent danger of serious physical injury - had been met.  Therefore, Lee was allowed to proceed in this action on his claim.

Now, in this Motion, after he has been transferred away from Fountain, Lee *specifies* the facilities where he wishes to be housed and seeks an injunctive order requiring that he be transferred there.  However, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise."  *McKune v. Lile,* 536 U.S. 24, 39, 122 S.Ct. 2017, 2027, 153 L.Ed.2d 47 (2002) (citing *Meachum v. Fano,* 427 U.S. 215, 225 (1976)).  "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 2547, 249 L.Ed.2d 466 (1976).  And federal courts are to give "appropriate deference and flexibility to state officials trying to manage a volatile environment[,]" when inmate placement decisions are made.  *Sandin v. Conner*, 515 U.S. 472, 482, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418 (1995).

Furthermore, it is not clear that Defendants McNeal and McClain have the authority to effectuate Lee's transfer to another facility, because Lee indicates that Defendants needed to call Central Records to request a custody increase (so a transfer to a non-work center facility could occur), and Lee does not state that they have the authority to make transfers.  (Doc. 17 at 7, PageID.94).  Whereas Rule 65 limits the Court's issuance of a temporary restraining order to the adverse party and its "officers, agents, servants, employees, and attorney."  FED.R.CIV.P. 65(b)(1)& (d)(2).  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.Ed.2d 129 (1969) ("It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process."); *Ron Matusalem & Matusa, Inc. v. Ron Matusalem, Inc.,* 872 F.2d 1547, 1554 (11th Cir. 1989) (a company argued that it was not bound by the injunction because it was not a party to the suit).  If the person who has the authority to

### IV. Conclusion.

Because the Court finds that Lee has not met his burden of persuasion regarding one prerequisite necessary for injunctive relief to issue – that is, he will suffer irreparable injury unless injunctive relief issues, and has not satisfied the requirements of Rule 65(b)(1) (A&B), the Court will not address the remaining elements inasmuch as Lee bears the burden of persuasion on all four elements. *U.S. v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983) (a preliminary injunction was properly denied where movant failed to meet the burden of persuasion on one factor – suffering irreparable harm); *Sofarelli v. Pinellas Cnty.,* 931 F.2d 718, 724 (11th Cir. 1991) ("If any element is not proven, there is no need to address the others."). Accordingly, it is recommended that Lee's Motion be denied.

### **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the

---

make transfers is not a Defendant in this action, then any order issued by the Court for Lee to be transferred to Red Eagle or Frank Lee Work Center would be futile and non-binding.

time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** and **ORDERED** this 28th day of June, 2022.

                                    /s/ P. BRADLEY MURRAY
                                  **UNITED STATES MAGISTRATE JUDGE**