# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RASHAD C. LEE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 22-50-KD-MU |
| ) | |
| CYNTHIA STEWART, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

On July 17, 2024, Plaintiff filed a Motion to File Under Seal exhibits in support of Plaintiff's Motion to Compel. (Doc. 113). In this motion, Plaintiff requests to file under seal two documents designated as confidential information pursuant to the Protective Order (Doc. 95) entered by the Court. The Court, having considered this motion, **GRANTS** Plaintiff's request to seal these documents which were submitted solely in connection with his motion to compel and pursuant to the Protective Order.

"[T]he judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it). He may not rubber stamp a [request] to seal the record." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) (citations omitted). In determining whether a document or part of the record should be sealed, the court must balance the interest of the party seeking access against the interest of the party seeking to keep the information confidential. *Chicago Tribune v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001).

As explained by the Court in *Baines v. City of Atlanta, Georgia,* Civ. A. No. 1:19-cv-0279-TWT-JSA, 2021 WL 2457209, at *3 (N.D. Ga. June 2, 2021), the level of scrutiny accorded motions to seal material from public access differs depending on the type of request. Requests to seal the record of an entire case are subject to the highest level of scrutiny. *Id. (*citing *Chicago Tribune*, 263 F.3d at 1311). Motions to seal attachments to pretrial motions which require judicial resolution on the merits, such as motions for summary judgment, are subject to a somewhat lower level of scrutiny. While such material is subject to the common law right of access to judicial proceedings, the right of access "may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). The lowest level of scrutiny applies to requests to seal discovery material. "'Because discovery is essentially a private process,' the common law right of access is inapplicable to material filed solely for discovery related purposes, such as in relation to a motion to compel production." *Baines*, 2021 WL 2457209, at *3 (quoting *Romero*, 480 F.3d at 1246 (internal quotation omitted)); *see also Shepard v. United Parcel Service, Inc.*, Case No. 5:08-cv-0906-SLB, 2010 WL 11562047, at *7-8 (N.D. Ala. Mar. 31, 2010) (granting motion to seal documents marked "confidential" that were filed in connection with a motion to compel and for sanctions because the documents were "not subject to the common-law right of access").

Because Plaintiff's motion to seal documents relates to documents that were filed solely in support of his motion to compel and have no bearing on the merits of his case, the documents are not subject to the common-law right of access. *See Shepard,* 2010 WL 11562047, at *7-8.

In addition, the Southern District of Alabama has a rule applicable to sealed documents that also must be complied with for an order sealing the documents to issue. *See* S.D. Ala. Gen. LR 5.2. Pursuant to Local Rule 5.2(b)(2), a motion to seal a document must contain: 1) a generic, non-confidential identification of the document to be sealed, 2) the basis upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate, and 3) the duration for which sealing is requested. The motion filed by Plaintiff and the corresponding Protective Order meet these requirements.

Accordingly, for the reasons stated herein, the Court finds that Plaintiff has met the requirements for filing the requested documents under seal. Plaintiff's motion to file Exhibit C (Doc. 114-1) and Exhibit E (Doc. 114-2) in support of his Motion to Compel under seal is hereby **GRANTED.** These documents are to remain under **SEAL.**

**DONE** and **ORDERED** this the 25th day of **July, 2024**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**